**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In Re*<br><br>**ANDREA NEWTON,**<br><br>               **Debtor.** | Civ. Nos. 17-8377, 17-8378, 17-8574, 17-11637, 17-11856, 17-11859<br><br>Bankruptcy Case No. 17-19019 |
| **Newton et al.,**<br><br>               **Plaintiff,**<br><br>               v.<br><br>**Clinton Palmer,**<br><br>               **Defendant.** | **OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

On April 16, 2019, the Court filed an Opinion and Order (DE 39) denying the motion of *pro se* Debtor-Appellants Andrea Newton and her husband, Mark Newton, to prosecute this appeal without submitting critical items from the record below—chiefly, the transcripts of the bankruptcy court's oral rulings that were being appealed.[1] That Opinion and Order detailed a history of delaying tactics and noncompliance with court orders. The Newtons requested a 30-day extension of the already-expired deadline to file a motion for reconsideration, which I granted until May 27, 2019. (DE 42)

On May 30, 2019, the court received a letter from Mark Newton and Andrea Newton. (DE 44) The letter seeks reconsideration of my prior Opinion and Order, and also serves "as a formal request that the above-captioned appeals not be dismissed or the District Court otherwise takes any action because Appellants are filing an Interlocutory appeal with the Clerk of the

---

[1] "DE __" refers to the Docket Entry number in Civ. No. 17-8377.

1

United States District Court of Appeals for the Third Circuit," anticipated to be filed by June 7, 2019.

This would not be the first interlocutory appeal relating to these issues. On May 29, 2019, the Court of Appeals denied a previously filed appeal from an order denying a stay of the bankruptcy court's orders pending appeal. (DE 43) After reviewing the familiar factors governing an application for a stay, the Court ruled as follows:

> Appellants argued in District Court that the Bankruptcy Court exceeded its authority by adding provisions to which they did not agree to a September 19, 2017 order setting forth the parties' settlement, *but they did not support their argument by providing the transcript of the hearing at which the settlement terms were put on the record.* Appellants also argued that the Bankruptcy Court exceeded its authority under Stern v. Marshall, 564 U.S. 462 (2011), but this case is inapposite as the Bankruptcy Court did not adjudicate the merits of any state law claim. In addition, Appellants argued that the Bankruptcy Court lifted the stay without allowing them to be heard and without holding a hearing. The record, however, reflects that the Bankruptcy Court considered their filing after it issued the October 6, 2017 order lifting the stay and concluded that it did not affect its ruling. Appellants did not show that a hearing was required. Appellants also challenged Bankruptcy Court orders issued November 14, 2017. *Not only did they fail to provide the hearing transcript containing the Court's reasoning, but their motion failed to raise a question as to those orders.*

(DE 43 (emphasis added)).

The reasoning of the Court of Appeals, while delivered in the preliminary context of a motion to stay, nevertheless bears on the merits of this motion and the appropriateness of dismissal.

### A. Reconsideration or further stay of proceedings

Local Rule 7.1(i) governs motions for reconsideration. Such a motion must specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.* Reconsideration is granted sparingly, generally only in one of three situations: (1) when there has

2

been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Appellants' arguments have not improved since they asserted them in connection with a stay. They have not improved since they offered them in connection with their motion to be relieved of the burden of filing the record on appeal. At that time, they suggested that this Court should disregard the Federal Rules of Bankruptcy and allow them to appeal without submitting the very oral decisions from which they are appealing. The Newtons suggest, without any supporting evidence, that they live on a meager fixed income (although they apparently long ago ceased paying rent). They further believe that the underlying decision is not required for the Court to decide their appeal. I rejected those arguments. The Newton offer no new facts or law, or matters overlooked by the court, to justify reconsideration. Reconsideration is denied.

Given the history of this case, I cannot regard the associated request for a stay pending the filing of an interlocutory appeal as anything but a further delaying tactic. Filing an interlocutory appeal, with the likely jurisdictional

3

hurdles, will likely eat up more time without advancing the case. Indeed, by dismissing the Newtons appeals on this basis, I will position their contentions for appellate review. The application to stay proceedings while the Newtons formulate and file an interlocutory appeal is therefore denied.

## B. Dismissal of Appeals

The Newtons have been given multiple opportunities, for nearly a year and a half, to perfect their appeals. They are appealing from bankruptcy court orders dating from September–November 2017.[2] The orders at issue are: (1) a September 19, 2017 Order that incorporated a settlement between Appellants and their landlord, Clinton Palmer; (2) an October 6, 2017 Order that granted relief from the automatic stay in bankruptcy to Palmer to proceed with eviction proceedings against Appellants for their failure to comply with the September 19, 2017 Order; and (3) a November 14, 2017 Order denying Mr. Newton's application to intervene in Ms. Newton's bankruptcy proceeding.

The September 19, 2017 Order incorporated the terms of a settlement agreement that were placed on the record on August 30, 2017. The terms included granting access to the apartment for an exterminator, followed by the Newtons' vacating the premises within 30 days. Among other challenges raised to this Court, the Newtons have argued that the Bankruptcy Judge added provisions to the order that were not discussed or agreed to by the Newtons (who were represented by counsel at the time). (DE 13 at 4, 18)

The November 14, 2017 Order, denying Mr. Newton's application to intervene, was denied for reasons "set forth in the Court's November 7, 2017 oral decision."

The Newtons have not obtained or filed those transcripts, however. Instead, they have daisy-chained requests for adjournments of deadline, some made long after the deadlines had passed. These have been followed by

---

[2] It is worth reviewing the incidents of delay and noncompliance surrounding those orders, which were previews of things to come. The procedural history is reviewed in my Opinion of March 19, 2019, at 3–4. (DE 28)

4

elaborate excuses for missing even the adjourned deadlines that they themselves requested.

In my prior Opinion and Order I advised the Newtons of the consequences of inaction:

> As I previously advised the Newtons, Federal Rule of Bankruptcy Procedure 8006 requires the party appealing a decision of a bankruptcy court to file, within fourteen days of filing the notice of appeal, a designation of items to be included in the record on appeal and a statement of issues presented. "While the Rule does not require that the 'record on appeal' include all transcripts of the proceedings below, its provisions make clear that those documents which include 'findings of fact' or 'conclusions of law' are deemed part of the record, including transcripts." *In re Harris*, 464 F.3d 263, 269 (2d Cir. 2006). While I am mindful of the Newton's *pro se* status, the record is now substantially overdue. I have given them multiple opportunities to submit the necessary items. Those orders have met with excuses and commitments to comply if the Court will grant an extension. Having been granted extensions, the Newtons now seek to be exempted from complying at all.
>
> "Appellants have the duty to [designate and] provide the [C]ourt with all documents, including transcripts, that are necessary to conduct substantive review." *In re Olick*, 466 B.R. 680, 695 (E.D. Pa. 2011); *see In re WEB2B Payment Solutions, Inc.*, 2013 WL 2383599, *1-2 (Bankr. D. Minn. May 30, 2013) (citing cases). In addition, "[i]f the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." *In re Richardson Indus. Contractors*, 189 F. App'x 93, 95 n.2 (3d Cir. 2006).

(Op. at 4, DE 39).

From my prior Opinion, I reprint this brief summary of the Newtons' repeated episodes non-compliance:

- November-December 2017: the Newtons file their notices of appeal.
- April 4, 2018: I enter an order to show cause why the appeals should not be dismissed based on the Newtons' failure to file the record in

5

compliance with Fed. R. Bankr. R. 8003 and 8009. (DE 8). The appellants do not respond adequately but cite medical problems. (DE 9).

- April 26, 2018: I dismiss the appeals without prejudice to reinstatement if the record is properly filed within 30 days. (DE 10).
- On May 25, 2018, the Newtons write to the Court claiming that they were not "served" with the April 26, 2018 order and did not learn about it until May 3, or possibly May 25, 2018, and should be given more time to comply. (DE 11).
- On May 29, 2018, I enter an order granting a further extension until June 19, 2018. (DE 12).
- June 22, 2018:[3] A purported designation of the record on appeal is filed. (DE 13). It does not include the transcripts of the August 30, 2017 hearing that forms the basis of the September 19, 2017 Order or the November 7, 2017 transcript.
- July 20, 2018: The Newtons write to the Court, claiming to have overlooked various court-imposed obligations and orders, citing medical problems and religious observances, and requesting reinstatement of their appeals. (DE 14).
- March 5, 2019: Despite deficiencies, the Court reinstates the Newtons' appeals. A briefing schedule is entered requiring the Newtons to file their merits briefing by April 4, 2019. (DE 21).
- March 8, 2019: In state-court eviction proceedings, the Newtons represent to the State judge that that my order of March 5, 2019 impliedly stayed the eviction because it was entered after they had moved for reinstatement of their appeal "and other relief." The Superior Court adjourns the proceedings, seeking clarification as to whether a stay had been granted. (DE 26 ¶¶ 26, 27).

---

[3] My prior opinion erroneously listed this date as July, not June, 22, although it appears in the proper position in the chronology.

- March 19, 2019: I enter an opinion and order stating in no uncertain terms that no stay was in place and denying a pending motion for a stay.[4] (DE 28, 29). I particularly admonish the Newtons that, when this Court eventually considers the merits of their appeal, I will consider whether they have filed (1) the transcript of the settlement that was put on the record (hearing August 30, 2017, order issued Sept. 19, 2017); and (2) the transcript for the November 7, 2017 hearing denying Mr. Newton's application to intervene in Ms. Newton's bankruptcy proceeding. (DE 28 at 7 n.2). I further warn the Newtons that their failure to file the transcripts may result in summary dismissal of the appeals. (*Id.*).
- March 19, 2019: My order denying the Newtons' motion for a stay pending appeal directs them to comply with my earlier order and file the critical record items, including transcripts, by April 15, 2019.
- March 21, 2019: The Newtons file additional papers in support of a stay, but not the transcripts. (DE 34)
- March 21, 2019: By supplemental opinion and order, I deny the stay motion and reaffirm the order and opinion of March 19, 2019. (DE 36)
- April 4, 2019: The Newtons fail to file a merits brief by the deadline mandated by the Court's March 5, 2018 Order.
- April 9, 2019. The Newtons request that the Court consider their appeal without the transcripts. The Newtons' motion papers proffer that they will file their merits brief after the Court resolves this motion. (DE 38-1 ¶28).
- April 15, 2019. Newtons fail to file the record pursuant to the Court-ordered extended deadline.

(Op. at 3–4, DE 39)

---

[4] That stay motion was originally filed in December 2017 (DE 7) but became moot when the appeal was terminated (DE 8). After the appeal was reinstated on March 5, 2019 (DE 21), I authorized the Newtons' adversary, Palmer, to file a response (DE 24), which he did (DE 26). (*See* procedural history in Opinion and Order (DE 36))

I supplement that history as follows:

- April 16, 2019. Opinion and Order denying motion to proceed without filing transcripts of oral decisions (DE 39)
- May 16, 2019. Court grants 30-day extension of already expired deadline to file motion for reconsideration. (DE 42)
- May 29, 2019. Third Circuit issues its order denying a stay, quoted at p. 2, *supra*. (DE 43)
- May 30, 2019. Court receives current motion for reconsideration. (DE 44)

At this point, no remedy short of dismissal is appropriate. Under Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, the District Court is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the Bankruptcy Rules. *See In re Richardson Indus. Contractors, Inc.*, 189 F. App'x 93, 96 (3d Cir. 2006).

In assessing the propriety of such a dismissal, the Third Circuit requires that the court be guided by the familiar *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). These factors are balanced and weighed, and not every factor must weigh in favor of dismissal. *See Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

As extensively outlined above, the Newtons are responsible for delaying this matter and have evinced a history of dilatoriness, despite the Court's indulgence in granting them their repeated requests for extensions of time (Factors 1 and 3). *See In re Buccolo*, 308 F. App'x 574, 575 (3d Cir. 2009)

("Buccolo proceeded *pro se*, so the responsibility for any failure to prosecute falls on him" and could not be blamed on counsel).

The Court has yet to receive a merits brief, even though the notice of appeal was originally filed in 2017. *See In re Tampa Chain Co.*, 835 F.2d 54, 56 (2d Cir. 1987) (affirming dismissal of bankruptcy appeal for failure to file brief for seven months after due date); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (upholding dismissal of bankruptcy appeal for failure to follow Bankruptcy Rules or timely file appeal brief where plaintiffs provided no explanation or excuse for noncompliance).

Additionally, the Newtons have consistently failed to timely file their requests for an extension of time, and instead, have filed such requests after the expiration of Court-ordered deadlines. *Cf. In re Richardson Indus. Contractors, Inc.*, 189 F. App'x at 98 ("where Appellant timely requested extensions of time in which to file his brief, and in fact did file his brief prior to issuance of the District Court's order, we conclude that dismissal was not appropriate.").

At this late stage, the Newtons have made no suggestion that they intend to obtain the transcripts at any time in the near future. The Court has given them multiple opportunities to do so and has warned them of the possibility of dismissal. Accordingly, I conclude that the first factor and third factor weigh in favor of dismissal. *See In re Buccolo*, 308 Fed. App'x at 574 (Appellant "did not comply with the Bankruptcy Rules for filing a brief within 15 days of the docketing of his appeal, . . . or for providing for the transcript of the Bankruptcy Court proceedings. . . . Either of these violations is grounds for dismissal under Bankruptcy Rule 8001.).

I also conclude that the extent of the Newtons' delay and failure to comply with this Court's orders evinces a purposeful intent to prolong this matter that was willful, and not merely negligent or inadvertent. *See Emerson*, 296 F.3d at 191 ("Emerson's conduct in failing to comply with the court's orders and in dragging the case out was willful and not merely negligent or

inadvertent."); *see also In re Aspen Healthcare, Inc.*, 265 B.R. 442, 447 (N.D. Cal. 2001) ("In this case, it has been more than 200 days since Fisher filed his Notice of Appeal and no reason has been given for the delay. . . . Courts have found as short as a one month delay to be extreme and in bad faith."). The fourth factor thus weighs in favor of dismissal as well.

The Palmers, apparently small landlords, have suffered prejudice. The Newtons, who continue to occupy the apartment rent-free, have continually sought stays from the Bankruptcy Court, this Court, and the Third Circuit. The Palmers initially filed a state-court action for eviction in March of 2017. *Id.* At least one recent stay of the eviction action was obtained by what, but for the Newtons' *pro se* status, I would probably sanction as an abuse of my order. (*See* pp. 6–7, *supra* (entries for March 8 & 19, 2019). *See also* Civ. No. 17-8378, DE 11)). Accordingly, the second factor also weighs in favor of dismissal.

In terms of alternative sanctions, I believe there are no effective sanctions aside from dismissal. Given the parties' financial status, monetary sanctions are not a real option. The Newtons are proceeding *in forma pauperis*. (Civ. No. 17-8378, DE 26); *see Emerson*, 296 F.3d at 191 (concluding there were "no effective alternative sanctions to dismissal" because "an assessment of attorney's fees was not a serious consideration given Emerson's financial situation" and because "Emerson proceeded *in forma pauperis*."). The fifth factor also weighs in favor of dismissal.

Finally, the Court has outlined the merits of the Newtons' appeal in addressing their multiple applications for a stay. (DE 28, 36). As the Court noted in its original opinion and its supplemental opinion, the merits of the Newtons' appeal are not strong, and the Court's reasoning in those opinions is adopted herein as its analysis of the merits of the Newtons' claims. Therefore, the sixth factor also weighs in favor of dismissal.

Weighing the six *Poulis* factors, I conclude that this matter should be dismissed.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration and for the Court to refrain from taking any further action while the Newtons file another interlocutory appeal will be denied. The appeals from the bankruptcy court's orders are dismissed. An appropriate order accompanies this opinion. The clerk shall file this opinion and the accompanying order under all six of the captions above.

*Kevin McNulty*
**Kevin McNulty**
**United States District Judge**